**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hillstone Restaurant Group Incorporated,<br>Plaintiff,<br>v.<br>Houston's Hot Chicken Incorporated, et al.,<br>Defendants. | No. CV-22-02004-PHX-MTL<br>**PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 26). Having read and considered all matters of record and argument of counsel, and pursuant to this Court's Order entered on January 5, 2023 (Doc. 37), Plaintiff's Motion is granted in part.

The Court finds as follows:

1. This Court has personal jurisdiction over Defendants because they are engaging in the transaction of business in this judicial district, are committing tortious acts within this judicial district, and have otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over them.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because substantial part of the events and injury giving rise to Plaintiff's claims occur within this judicial district and because Defendants are subject to personal jurisdiction within this judicial district.

3. For the reasons set forth in the Court's January 5 Order, the Court finds that

Plaintiff is substantially likely to prevail on the merits of its claim for breach of contract, that Plaintiff will suffer irreparable harm absent the entry of this preliminary injunction, and the balance of equities and public interest favors entry of preliminary injunctive relief.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

Defendants and each of their respective officers, employees, agents, servants, owners, and members, and all of those persons in active concert or participation with any of them who receive actual notice of this Order, including Defendants' franchisees, shall:

1. Cease the use of any and all paper or plastic products and other packaging that incorporate or display the HOUSTON'S HOT CHICKEN mark, the HOUSTON'S HOT CHICKEN & Design mark, and any other marks that include the terms "Houston's" or "Houstons" (the "HOUSTON'S HOT CHICKEN Marks"), including napkins, cups, tray liners, food boxes, bags, wrappers, and any other items used in or sold by Defendants in their restaurants in the United States that bear the HOUSTON'S HOT CHICKEN Marks by January 10, 2023;

2. Cease use of any social media posts that include the HOUSTON'S HOT CHICKEN Marks in text, image, or video intended for and used in connection with U.S. stores within one calendar day of the entry of this Order;

3. Within one calendar day of the entry of this Order: (a) provide the Court and Plaintiff with evidence sufficient for the Court and Plaintiff to verify that Defendants have sent the notices required by Section 1(c) of the Trademark Settlement Agreement (the "Agreement") between the parties to each of the Defendants' franchisees, including by providing the full franchisee entity name for each notice Defendants have sent, and (b) send notice to any franchisee that has not yet received the required notice and provide a copy of the same to the Court and Plaintiff, which notice shall include the full legal name of the franchisee.

**IT IS FURTHER ORDERED** that Defendant Houston Crosta is permitted to maintain his ownership of the Instagram account handle houstonshotchicken, but Defendants are enjoined from using that handle to redirect consumers to the hhc Instagram

account or otherwise referencing HHC or the hhc Instagram handle in connection with the houstonshotchicken account because doing so is in breach of Section 1(i) of the Agreement.

**IT IS FURTHER ORDERED** that Plaintiff shall post a bond in the amount of $50,000 with the Clerk of Court and notify the Court that the bond has been posted, no later than Tuesday, January 17, 2023.

**IT IS FURTHER ORDERED** that Defendants are advised that failure to comply with this Order in any respect could result in the entry of monetary or other sanctions against them.

**IT IS FINALLY ORDERED** that this Order shall take effect immediately upon the posting of Plaintiff's bond and shall remain in effect unless or until modified by this Court or the entry of final judgment in this case. Once Defendants are in compliance with this Order, they may petition the Court to have the injunction modified or dissolved.

Dated this 17th day of January, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge